## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | Case No. 05-21089-TLM |
| TERRI M. WEDDLE and J. | ) | |
| GREGORY WEDDLE, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | MEMORANDUM OF |
| | ) | DECISION ON |
| JP MORGAN CHASE BANK N.A., | ) | MOTIONS FOR SUMMARY |
| as Trustee for the MLMI SURF Trust | ) | JUDGMENT, IMPOSITION |
| Series 2005-BC3, and PIONEER | ) | OF CONSTRUCTIVE TRUST, |
| TITLE COMPANY OF KOOTENAI | ) | AND CERTIFICATION |
| COUNTY, Trustee, an Idaho | ) | |
| corporation, | ) | |
| | ) | |
| Plaintiffs, | ) | Adv. Case No. 06-07019-TLM |
| | ) | |
| vs. | ) | |
| | ) | |
| COUGAR CREST LODGE, LLC, | ) | |
| an Idaho limited liability corporation, | ) | |
| and FORD ELSAESSER, Trustee, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## INTRODUCTION

This adversary proceeding involves two creditors in the underlying

bankruptcy case who wish to establish the priority of their respective liens and

interests in certain real property.  Three motions are before the Court: (1)

Plaintiffs' motion for summary judgment on the priority issue, (2) Plaintiffs'

motion for an order requiring Defendant Cougar Crest Lodge, LLC ("Defendant")

MEMORANDUM OF DECISION - 1

to hold any redemption funds it receives in constructive trust, and (3) Defendant's

motion to have the priority question certified to the Idaho Supreme Court.  The

Court has carefully considered the parties' briefing and arguments at hearing.  The

following constitutes its findings and conclusions.  Fed. R. Bankr. P. 7052.

## FACTS AND BACKGROUND

The critical facts are not disputed and are quickly summarized.

On December 21, 2004, Defendant obtained a money judgment for

$190,638.13 against Terri Manning-Weddle and J. Gregory Weddle ("Debtors") in

the First Judicial District Court for the State of Idaho, Kootenai County.  On

December 29, 2004, Defendant recorded the judgment in the Kootenai County real

property records as instrument No. 1921427.[1]

In January 2005, Terri Manning-Weddle purchased certain real property in

Kootenai County located at 1340 Milton Avenue, Coeur d'Alene, Idaho and

described as Lot 1, Block 2, Canfield Corners in the recorded plat (the

"Property").  She received a warranty deed in her name, as a married woman but

as her sole and separate property. The deed was recorded on January 14, 2005 as

Instrument No. 1924443.

---

[1] It is not clear from the record whether Debtors owned real property in Kootenai County
when the judgment was recorded.  The instant dispute concerns subsequently acquired property.

MEMORANDUM OF DECISION - 2

Terri Manning-Weddle[2] granted two deeds of trust in the Property to Pioneer Title Company of Kootenai County, as trustee for the benefit of Accubanc Mortgage, a division of National City Bank of Indiana.[3]  On January 14, 2005, the deeds of trust were recorded in the Kootenai County real property records as Instrument No. 1924445 and No. 1924446.

Debtors filed a joint chapter 7 petition on July 15, 2005.  Case No. 05-21089-TLM, Doc. No. 1.  The Property became property of the bankruptcy estate under § 541.[4]  Defendant obtained stay relief on February 2, 2006 to foreclose its judgment lien in the Property.  Doc. No. 33.  On May 18, 2006, the Kootenai County Sheriff sold the real property pursuant to a writ of execution to Defendant for a $100,000.00 credit bid.  The last day to redeem the real property under Idaho law was six months later, or November 18, 2006.  Idaho Code § 11-402.  The Court is unaware at this point whether Plaintiffs have redeemed the property.

---

[2] Consistent in form with the warranty deed by which she acquired the Property, Terri Manning-Weddle's grant of the deeds of trust reflects that, though married, she dealt with the Property as her sole and separate property.  Her husband, Gregory Weddle, also signed the deeds of trust as a borrower, but with an endorsement indicating he had no personal liability on those debts, and was subordinating any interest in the Property he might acquire including homestead rights.

[3] Although the record does not indicate why Manning-Weddle executed two deeds of trust for the same property, they appear to be part of the same transaction with the same title and mortgage companies.

[4] Absent other indication, all statutory references are to the Bankruptcy Code, Title 11 of the U.S. Code.  The instant case preceded the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 109-8, 119 Stat. 23 (April 2005).  References are therefore to the pre-BAPCPA Code.

MEMORANDUM OF DECISION - 3

J.P. Morgan Chase Bank ("Chase") as trustee for the MLMI SURF Trust Series 2005-BC3, and Pioneer Title Company of Kootenai County ("Pioneer") (together "Plaintiffs") seek in this adversary proceeding a judgment that Defendant holds a subordinate judgment lien against the Property.[5]  In its answer, Defendant alleges several affirmative defenses, including that Plaintiffs' lien[6] was subordinate and extinguished during the judgment foreclosure.

Plaintiffs filed a motion for summary judgment ("Motion"), arguing its[7] "purchase money" deeds of trust have priority, as a matter of law, over Defendant's previously recorded judgment lien.  Plaintiffs also filed a motion for an order requiring that Defendant hold any redemption funds it receives for the real property in constructive trust until this Court's final judgment on the priority issue.  Defendant then filed a motion asking this Court to certify the priority question to the Idaho Supreme Court pursuant to Idaho Appellate Rule 12.2(a).

---

[5]  Prior to this suit being filed, Accubanc Mortgage assigned its beneficial interest in the deeds of trust to National City Mortgage Company, which then assigned its interest to Chase. Chase has been substituted for National City Mortgage as a named Plaintiff.  Though none of these parties has filed a proof of claim in this matter, no one has disputed that Chase holds a secured interest in the Property.

[6]  Pioneer does not hold a beneficial interest in the Property.  Such rights belong to Chase through assignment of the deeds of trust.  Pioneer is the deed of trust trustee under both deeds of trust.  Both Chase and Pioneer are Plaintiffs, however, and are represented by the same counsel. Solely for brevity and ease of reading, this Decision refers (as do certain of the arguments of the parties) to the "Plaintiffs' lien" and makes other, similar generic references.  Even though such phrasing is not fully accurate in noting the respective positions of Chase and Pioneer, the record otherwise makes them clear.

[7]  *See* note 6 *supra*.

MEMORANDUM OF DECISION - 4

Hearing on all three matters was held October 11, 2006, and the issues taken under

advisement.

**DISCUSSION AND DISPOSITION**

    **A.    Defendant's motion to certify a question of law**

        **1.    Authority for certification in Idaho**

Idaho Appellate Rule 12.2 states:

(a) Certification of a Question of Law. The Supreme Court of the
United States, a Court of Appeals of the United States or a United
States District Court may certify in writing to the Idaho Supreme
Court a question of law asking for a declaratory judgment or decree
adjudicating the Idaho law on such question if such court, on the
court's own motion or upon the motion of any party, finds in a
pending action that:

(1) The question of law certified is a controlling question of law in
the pending action in the United States court as to which there is no
controlling precedent in the decisions of the Idaho Supreme Court,
and

(2) An immediate determination of the Idaho law with regard to the
certified question would materially advance the orderly resolution of
the litigation in the United States court.

This Bankruptcy Court has the ability to certify a question of law to the Idaho

Supreme Court under this Rule.[8]

---

[8] The U.S. District Court has jurisdiction over all cases under Title 11, U.S. Code. 28
U.S.C. § 1334. The Bankruptcy Court is a unit of the District Court. 28 U.S.C. § 151. The
District Court refers to the Bankruptcy Court cases under the Bankruptcy Code and the
proceedings arising therein. 28 U.S.C. § 157. *See also* Gen. Order 38. Thus, this Court may
consider the question of certification and issue the present Decision and related orders.

MEMORANDUM OF DECISION - 5

## 2.    Application of Idaho App. R. 12.2(a)(1) (nature of issue)

Based on the briefing and arguments at hearing, both parties agree the controlling issue is one of Idaho law and there is no dispositive precedent thereon.[9]

The crux of the dispute is interpretation of Idaho Code § 45-112, which states:

> A mortgage[10] given for the price of real property, at the time of its conveyance, has priority over all other liens created against the purchaser, *subject to the operation of the recording laws*.

Defendant argues the italicized language gives its previously recorded judgment lien priority over Plaintiffs' purchase money deeds of trust because Idaho's recording statutes evince a "first in time, first in right" priority scheme. Defendant cites, *inter alia*, Idaho Code §§ 10-1110, 55-801, 55-811 and 55-813 in support of its proposition, and advocates a strict reading of these provisions.

Plaintiffs cite case law outside of Idaho, as well as secondary authorities, supporting the proposition that purchase money deeds of trust have priority over previously recorded judgment liens. They further note that California Civil Code

---

[9]  The discussion in this Decision is intentionally not exhaustive of the arguments presented or the authorities potentially relevant thereto, either as cited by the parties or located through this Court's independent research. The discussion merely highlights some of the issues related to the first prong of analysis under Idaho Appellate Rule 12.2(a). The Court's restraint is to avoid any signal as to how it might address or resolve the matters, first, out of respect to the Idaho Supreme Court and, second, in consideration of its own needs if certification is declined.

[10]  The statute addresses mortgages, not deeds of trust as involved here. The Court notes Idaho decisions finding "there is no practical distinction . . . between the status of a beneficiary of a deed of trust and a mortgagee." *See Wylie v. Patton*, 720 P.2d 649, 651 n.3 (Idaho Ct. App. 1986) (citing *Long v. Williams*, 671 P.2d 1048 (Idaho 1983)). However, neither of those cases dealt with Idaho Code § 45-112.

MEMORANDUM OF DECISION - 6

§ 2898(a), which is nearly identical to Idaho Code § 45-112, has been construed in such a way.[11]

Neither party has pointed to, and this Court has not found, Idaho case law that has interpreted the relevant Idaho Code provisions in the way that either Plaintiffs or Defendant advance.

The priority issue has several facets. For example, Idaho Code § 45-112 is susceptible to a narrowing construction because the primacy there given to mortgages for the price of real property is "subject to the operation of the recording laws." This invites interpretation of provisions of the Idaho Code other than § 45-112, and Idaho courts have, at times, had to address the reach of the language used in the state's recording statutes.[12]

---

[11] Cal. Civ. Code § 2898(a) states:

A mortgage or deed of trust given for the price of real property, at the time of its conveyance, has priority over all other liens created against the purchaser, subject to the operation of the recording laws.

Courts have interpreted this statute as giving purchase money mortgages priority over previously recorded judgments. *See Walley v. P.M.C. Inv. Co., Inc.*, 262 Cal.App.2d. 218, 219-20 (1968); *Mercantile Collection Bureau v. Roach*, 195 Cal.App.2d 355, 359 (1961). *See also Radden v. Kirkwood Dev., Inc. (In re Radden)*, 122 Fed. Appx. 872, 874 (9th Cir. 2004) (citing *Walley* and observing that under California law, purchase money mortgages have priority over general judgment liens previously filed against a debtor); *Weeks v. Pederson (In re Pederson)*, 230 B.R. 158, 163 n.4 (9th Cir. BAP 1999) (same).

[12] For instance, prior to 1989, Idaho Code § 55-606 included all of the language below except the italicized portion:

Every grant or conveyance of an estate in real property is conclusive against the grantor, also against every one subsequently claiming under him, except a purchaser or encumbrancer, who in good faith, and for a valuable consideration, acquires a title or lien by an instrument *or valid judgment lien* that is first duly recorded.

(continued...)

MEMORANDUM OF DECISION - 7

Next, the purchase money documents at issue are deeds of trust, not mortgages. Although Cal. Civ. Code § 2898(a) expressly provides for both, *see* note 11 *supra*, Idaho Code § 45-112 only references a "*mortgage* given for the price of real property, at the time of its conveyance[.]" (emphasis added). *But see* note 10 *supra*.

Further, although Plaintiffs have cited general authorities supporting their interpretation of the priority of purchase money security devices, Idaho has not invariably adhered to "general" rules when it comes to its recording statutes. *Compare* Restatement (Third) of Property § 7.2(c) (1997) (providing vendor purchase money mortgages generally have priority over third party purchase money mortgages) with *Estate of Skvorak v. Security Union*, 89 P.3d 856, 862 (Idaho 2004) (rejecting adoption of Restatement § 7.2(c) for being inconsistent with Idaho's recording statutes).

It is well established that bankruptcy courts must look to state law to determine the nature and extent of a parties' interests in property. *See In re Jay*, 03.1 I.B.C.R. 28, 29 (Bankr. D. Idaho 2003) (citing *In re Pettit*, 217 F.3d 1072, 1078 (9th Cir. 2000)). The relative priority of property interests is the controlling

---

[12](...continued)

The court in *Johnson v. Casper*, 270 P.2d 1012, 1014 (Idaho 1954) held that a judgment was not an "instrument" for purposes of Idaho Code § 55-606. *See also Siegel Mobile Home Group, Inc. v. Bowen*, 757 P.2d 1250, 1252 (Idaho Ct. App. 1988). The legislature passed emergency legislation and added the words "or valid judgment lien" to the statute in 1989. *See Act of March 27, 1989, ch. 107, 1989 Idaho Session Laws 247-48 (relating to transfers of real property).

MEMORANDUM OF DECISION - 8

issue in this case, and the Court agrees with the litigants that there is no clearly

dispositive or controlling Idaho precedent on that issue.  The requirements of

Idaho App. R. 12.2(a)(1) are met.

### 3.    Application of Idaho App. R. 12.2(a)(2) (advancing resolution)

Adjudication of the priority issue would materially advance, if not resolve

outright, the resolution of the outstanding summary judgment motion and

adversary proceeding before this Court.  As discussed, *infra*, the ultimate and final

resolution, i.e., on appeal, is advanced by certification at this point in the litigation.

This provides the benefit of potentially saving judicial resources.  Thus, the

second part of the Idaho Appellate Rule is satisfied.

### 4.    Policies and considerations supporting certification

Although the instant dispute satisfies the qualifications for certification

under Idaho App. R. 12.2(a), the Court must determine whether it should, in its

discretion, certify a question of law.

Justice Stevens recently laid out several policy reasons supporting the use

of certification, opining that "principles of federalism and comity favor giving a

State's high court the opportunity to answer important questions of state law,

particularly when those questions implicate uniquely local matters[.]"  *See Town

of Castle Rock v. Gonzales*, 545 U.S. 748, __, 125 S.Ct. 2796, 2815 (2005)

(Stevens, J., dissenting).  Justice Stevens also observed:

MEMORANDUM OF DECISION - 9

> [C]ertification would promote both judicial economy and fairness to
> the parties.  After all, the [State] Supreme Court is the ultimate
> authority on the meaning of [State] law, and if in later litigation it
> should disagree with this Court's provisional state-law holding, our
> efforts will have been wasted and [the parties] will have been
> deprived of the opportunity to have [their] claims heard under the
> authoritative view of [State] law.

*Id*. at 2816.

In a similar vein, Justice O'Connor suggested "[s]peculation by a federal court about the meaning of a state statute in the absence of prior state court adjudication is particularly gratuitous when . . . the state courts stand willing to address questions of state law on certification from a federal court."  *Brockett v. Spokane Arcades, Inc.*, 472 U.S. 491, 510 (1985) (O'Connor, J., concurring) (citing Wash. R. App. Proc. 16.16).  *See also Lehman Bros. v. Schein*, 416 U.S. 386, 390-91 (1974) (holding certification not obligatory even when the court is presented with an uncertain question of state law but noting that "in the long run [certification does] save time, energy, and resources and helps build a cooperative judicial federalism.").

This Court acknowledges these policies.  Yet it is also quite clear this Court regularly applies Idaho law to resolve myriad issues presented in bankruptcy cases and adversary proceedings.  Quite often those issues are unsettled under Idaho law, and the Court is required to render decisions construing the law as it believes

MEMORANDUM OF DECISION - 10

the Idaho Supreme Court would if presented with the question.[13]  What, then,

makes this case different, and an apt candidate for certification?

First, an express request for certification has been made.  While the Court

has the ability to consider certification *sua sponte*, it regularly declines to do so,

and undertakes its own analysis and determination of the question of Idaho law in

consideration of the litigants' need for a prompt resolution.  This often is of some

importance in bankruptcy litigation.  Here, the express request for certification

focuses the attention of the litigants and the Court on the propriety and usefulness

of certification, and indicates the case may present circumstances out of the norm.

Second, considerations of judicial economy are presented here.  Unlike the

majority of cases where interpretation of Idaho law may be determinative and the

parties are expressly or implicitly content to have this Court rule, the parties here

have indicated in their briefing and at hearing that an appeal is likely no matter

how *this* Court should decide the priority question.  They have even intimated that

the question of certification may be raised on appeal.  *See*, *e.g.*, Adv. Doc. No. 31

at 2 (Plaintiff's brief) ("It is entirely possible that the final judgment of this Court

will be appealed and that another federal court will get the opportunity to decide

---

[13]  *See, e.g., Glendale Assocs., Ltd. v. NLRB*, 347 F.3d 1145, 1154 (9th Cir. 2003)
(observing that when a state's highest court has not squarely addressed an issue, federal courts
must "predict" how the state's highest court would decide the issue using intermediate appellate
court decisions, decisions from other jurisdictions, statutes, and secondary authority for
guidance).

MEMORANDUM OF DECISION - 11

whether to certify the question to the Idaho Supreme Court.").[14]  Judicial economy

would be enhanced by certification at this time and at this stage.

For those reasons, and in light of the policies noted, the Court will exercise

its discretion and certify the question of law to the Idaho Supreme Court.

### 5.    Conclusion

The Court concludes the instant matter satisfies the requirements of Idaho

App. R. 12.2(a), and it will certify the question of law in this case for

determination by the Idaho Supreme Court.[15]  The Court appreciates that

acceptance of certification is discretionary.  *See* Idaho App. R. 12.2(c).  If

certification is declined, this Court will address and decide the priority issue at bar.

### B.    Plaintiff's motion to hold redemption funds in trust

Plaintiffs move pursuant to Idaho Code § 11-404 and § 105 of the

Bankruptcy Code for an order requiring that Defendants hold any redemption

funds they receive in constructive trust, subject to disbursement by order of this

---

[14]  In the federal scheme, the initial appeal from this Bankruptcy Court's decision would go either to the District Court or to the Bankruptcy Appellate Panel for the Ninth Circuit, and a subsequent appeal is available to the Ninth Circuit Court of Appeals.

[15]  This would not be the first time a federal court has certified a question to the Idaho Supreme Court regarding the state's recording and notice statutes.  The Ninth Circuit certified a question regarding Idaho Code § 55-710.  The Idaho Supreme Court held that a deed of trust acknowledgment which lacked language stating the notary knew the identity of the grantors was sufficient and the recording of that deed of trust imparted constructive notice.  *See In re New Concept Realty & Dev.*, 753 F.2d 804 (9th Cir. 1985) (citing the Idaho Supreme Court's decision in *In re New Concept Realty*, 692 P.2d 355 (Idaho 1984) following certification).

MEMORANDUM OF DECISION - 12

Court.  Plaintiffs claim this step is necessary to preserve the status quo until a final judgment is rendered on the priority issue.[16]

Since taking the instant matter under advisement, the redemption date has passed.  The Court has not been apprised of whether redemption rights have been exercised.  Of course, if Plaintiffs have not paid any redemption funds to Defendant, the issue is moot.  Even if Plaintiffs did tender redemption funds to Defendant, the Court would deny the requested relief.

The imposition of a constructive trust is an equitable remedy used to prevent injustice.  *Custer v. Dobbs (In re Dobbs)*, 115 B.R. 258, 269, 90 I.B.C.R. 179, 194 (Bankr. D. Idaho 1990) (citing *Davenport v. Burke*, 167 P. 481 (Idaho 1917)).  Whether such a remedy is appropriate in any given case is a matter of state law.  *Dobbs*, 115 B.R. at 269, 90 I.B.C.R. at 194.  In Idaho, "a constructive trust arises where legal title to property has been obtained through actual fraud, misrepresentations, concealments, taking advantage of one's necessities, or under circumstances otherwise rendering it unconscionable for the holder of legal title to retain beneficial interest in property." *Hettinga v. Sybrandy*, 886 P.2d 772, 775 (Idaho 1994) (quoting *Witt v. Jones*, 722 P.2d 474, 477 (Idaho 1986)).

Further, even where state law would recognize the right to a constructive trust, state law must still be applied consistently with federal bankruptcy policies.

---

[16]  This Court has already denied Plaintiffs' motion for a preliminary injunction seeking similar relief.  *See* Adv. Doc. No. 40 (minute entry), denying Adv. Doc. No. 37.

MEMORANDUM OF DECISION - 13

*Torres v. Eastlick (In re N. Am. Coin & Currency, Ltd.)*, 767 F.2d 1573, 1575 (9th Cir. 1985). Bankruptcy courts are generally cautious about "fashioning remedies based solely on 'fairness' and without regard to the requirements and goals of the [Bankruptcy] Code." *Fitzgerald v. Hannah (In re Hannah Racing Prods., Inc.)*, 90 I.B.C.R. 222, 225 (Bankr. D. Idaho 1990).[17]

Plaintiffs argue a constructive trust is necessary to protect any money paid for redemption pending the outcome of the priority issue. However, that outcome remains an open question. Whether Defendant would be "unjustly enriched" (presumably by having access to redemption funds it arguably should not have had access to in the first place) is speculative. Furthermore, Defendant was not shown to have acquired its interest in the Property or its right to receive redemption funds through fraud, misrepresentation, concealment or similar conduct or circumstances. Defendant legally executed on its judgment, made a $100,000.00 credit bid at the sheriff's sale and left redemption rights in Plaintiffs. Nothing unconscionable has been established that would support imposition of a constructive trust.

Plaintiffs argue the Idaho Supreme Court in *Gem Valley Ranches, Inc. v. Small*, 440 P.2d 352 (Idaho 1968) "expressly approved an order by the district

---

[17] *Farmers Ins. Group v. Krommenhoek (In re Hiatt)*, 00.3 I.B.C.R. 131 (Bankr. D. Idaho 2000) also cautioned strongly against an overly generous reliance on constructive trusts in bankruptcy cases. *Id.* at 133 n.9. It noted the Ninth Circuit "generally takes a dim view" of such claims. *Id.* (citing *Airwork Corp. v. Markair Express, Inc. (In re Markair, Inc.)*, 172 B.R. 638, 641-42 (9th Cir. BAP 1994)).

MEMORANDUM OF DECISION - 14

judge requiring deposit of an amount with the court to cover the disputed amount of the redemption pending determination of whether certain items should be included." Adv. Doc. No. 30 at 2. However, as Plaintiffs point out, there was no question in that case as to who had the right to receive redemption funds. The dispute was over the amount.

Fundamentally, Plaintiffs urge the Court to accept the proposition that, in the event they prevail, and in the event Defendant is ordered to return redemption funds tendered, Defendant will be unable or unwilling to do so. However, Plaintiffs have not established facts to support these concerns. As such, the Court is not persuaded that the extraordinary imposition of a pre-judgment constructive trust is warranted.

Nor will it accept Plaintiffs' invitation to exercise its § 105 powers to provide such relief. That Code provision allows the Court, when "necessary or appropriate," to enter orders "to carry out the provisions of [Title 11]." *See* § 105(a). Use of this grant must be linked to Code provisions or prior Court orders which are being enforced or furthered. Section 105 is not a roving commission for the Court to do equity as it might perceive it. *Oldemeyer v. Couch-Russell (In re Couch-Russell)*, 03.4 I.B.C.R. 230, 232 (Bankr. D. Idaho 2003) (citing *Graves v. Myrvang (In re Myrvang)*, 232 F.3d 1116, 1124 (9th Cir. 2000)).

MEMORANDUM OF DECISION - 15

Based on the foregoing, the Court will deny the motion seeking to impose a constructive trust on any redemption funds paid.

**CONCLUSION**

The Court concludes the legal question at issue in this case is appropriate for certification to the Idaho Supreme Court. Defendant's motion seeking certification will be granted. Plaintiffs' motion that Defendant be required to keep any redemption funds it receives in constructive trust until resolution of this case will be denied. Any merits decision on Plaintiffs' motion for summary judgment will be reserved pending the outcome of certification to the Idaho Supreme Court.

An order consistent with this Decision will be entered. A separate order certifying a question of law to the Idaho Supreme Court will also be entered, with instructions to the clerk of this Court to file a certified copy of this Decision and said order with the Idaho Supreme Court, consistent with Idaho App. R. 12.2(b).

DATED:  December 12, 2006



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 16